UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NATIONAL CITY BANK,**

**Plaintiff/Counter-Defendant,**         CIVIL ACTION NO.  07-CV-12438-DT

  VS.                                    DISTRICT JUDGE GEORGE CARAM STEEH

**SYATT REALTY GROUP,**                  MAGISTRATE JUDGE MONA K. MAJZOUB
**INC., et al.,**
          **Defendants.**
and

**GLEN WRIGHT,**

          **Counter-Plaintiff,**
          **Cross-Plaintiff,**

  VS.

**SYATT REALTY GROUP, INC.,**
**et al.,**
_____/


**OPINION AND ORDER GRANTING COUNSEL'S MOTION TO WITHDRAW
AND
GRANTING DEFENDANT WRIGHT'S MOTION TO SUBSTITUTE EXPERT,
AMEND ANSWER, AND TO COMPEL DISCOVERY**

This matter comes before the Court on Glen Wright's Motion to Amend/Correct Answer to Complaint, Motion to Compel Discovery, and Motion to Substitute Expert Witness, all filed on June 18, 2009. (Docket no. 75). In addition, the Motion for Withdrawal of Attorney filed by Glen Wright's counsel is before the Court. (Docket no. 78). These motions have been fully briefed, and the parties have filed a Joint Statement of Unresolved Issues. (Docket nos. 80, 83, 84, 85). All pretrial matters have been referred to the undersigned. (Docket no. 77). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). These matters are now ready for ruling.

**1.     Facts, Claims, and Procedural History**

Discovery closed in this matter on May 30, 2009. (Docket no. 62). Trial is scheduled for August 31, 2009. (Docket no. 59). Defendant Wright's counsel, May & Sucher, PLLC, wishes to withdraw as counsel for him, and he has consented to the withdrawal. (Docket nos. 78, 79). Plaintiff National City Bank has no objection but requests that the deadlines in this case be extended if the motion to withdraw is granted. (Docket no. 83 at 3).

Defendant Wright also shows that he served discovery in the form of interrogatories and requests for production of documents upon Plaintiff National City Bank on March 20, 2009 (1 interrogatory and 2 requests for production) and April 9, 2009 (1 interrogatory and 4 requests for production). (Docket no. 75 exs. A & B). Plaintiff National City Bank responded to both on May 12, 2009. (*Id.*). The Bank objected to the interrogatory in the March 20 discovery requests on the basis that Defendant Wright had exceeded the allowable number of interrogatories under the Federal Rules of Civil Procedure. (*Id.* ex. A). The Bank made boilerplate objections to the "Notice to Produce No. 1" of the March 20 discovery and also objected because the request sought documents previously produced and already in Defendant Wright's possession, custody, or control. (*Id.*). The Bank also made boilerplate objections to the "Notice to Produce No. 2" of the March 20 discovery requests.

With respect to the April 9 set of discovery, Plaintiff National City Bank objected to the first request to produce based on boilerplate objections and privilege, but there is no showing that the Bank produced a privilege log. (*Id.* ex. B). The Bank objected to the first interrogatory of this set of discovery because Defendant had allegedly exceeded the allowable number of interrogatories. (*Id.*). The Bank made boilerplate objections to the next request to produce (No. 3) but referred

Defendant to the document with Bates no. NC 168. (*Id.*). The Bank responded in similar fashion to the next two requests to produce (Nos. 4 & 5). (*Id.*). Defendant Wright moves to compel responses to the interrogatory and the two requests for production of the March 20 set of discovery and to compel responses to the first request to produce and the only interrogatory of the April 9 set of discovery. The last three requests to produce of the April 9 set of discovery are therefore not at issue in the motion to compel.

Defendant Wright has identified an expert witness in handwriting analysis believing that he did not take out the loan at issue in this action. (Docket no. 53; 75 at 2). Defendant Wright now claims that at his deposition on May 6, 2009 he saw for the first time the original loan documents at issue and the signatures contained on those documents. (*Id.* at 3). During his deposition he "conceded that the signatures on such documents appeared to be his, though he disputed that he was present at the closing or even in the State of Michigan." (*Id.*). Defendant Wright presents the affidavit of the notary who notarized one of the loan documents at issue, the "Future Advance Mortgage," stating that he "never personally witnessed Mr. Wright sign any of the documents which are part of the loan at issue in this matter." (Docket no. 1 at 19-23; docket no. 84-3 at 3). The notary, Mr. Clark, was an employee of National City Bank and also states that the loan documents would have been forwarded to his attention, along with a copy of the signer's driver's license, and he would notarize the documents and return them to the person who required the originals. (Docket no. 84-3). He has "no personal knowledge of Mr. Wright having been present at the bank for a closing or for the signing of these documents." (*Id.*). Defendant Wright now claims that "he had only been provided with the signature pages previously and that's why he had no recollection of the

3

other portions of the documents." (Docket no. 84 at 3). As a result, Defendant Wright now moves to be allowed to substitute a loan expert for the previously named handwriting analysis expert.

Defendant Wright also seeks leave to file an Amended Answer to the National City Bank Complaint to conform to the evidence known to him at this time pursuant to Fed. R. Civ. P. 15. He has attached to his motion his proposed Amended Answer. (Docket no. 75 ex. E).

Finally, Defendant Wright moves to compel Plaintiff National City Bank to produce witnesses for depositions. The witnesses are apparently employees of Plaintiff National City Bank. Defendant fails to name in his motion the individuals he wishes to depose. However, he attaches notices of depositions he served on May 5, 2009 which apparently list the employees that he wishes to depose. (Docket no. 75 ex. D). These persons are Layla Karls, Geoff Jakiel, Adrienne Williams, "Individual(s) involved in either taking or assisting in taking Mr. Wright's credit application for Webber Place property," "Individual(s) responsible for submitting application by Mr. Wright to loan approval committee," "Individual(s) (underwriters or loan committee members) responsible for issuing final approval for the loan issued to Mr. Wright," and "Individual(s) who provided loan distribution proceed checks to Delbert Saulter and/or Lisa Wright." (*Id*.). Defendant states that none of these witnesses have been produced for deposition by National City Bank. (Docket no. 75 at 9).

    **2.**    **Analysis**

        **A.**    **Withdrawal of Counsel**

The law firm of May & Sucher moves to withdraw as counsel for Defendant Glen Wright pursuant to E.D. Mich. LR 83.30. (Docket no. 78). The firm states that Defendant has failed to pay legal fees which has resulted in a breakdown in the attorney-client relationship. (*Id*.). The firm also

states that Defendant Wright has refused all calls and e-mails from counsel since June 24, 2009, the date of an exchange of e-mails between the parties. (*Id*. ex. A). Defendant Wright has no objection to this withdrawal. (Docket no. 79). Plaintiff National City Bank has no objection as well. (Docket no. 83). It only asks that an appropriate adjustment be made to the deadlines in this case. (*Id*.). The Court will allow counsel to withdraw and modify the deadlines in this action. **Defendant Glen Wright must secure counsel and new counsel must file an appearance with the Court on or before August 24, 2009.**

### B. Leave to Amend Answer

Defendant Glen Wright seeks leave of Court to amend his Answer to conform to the evidence as he now knows it. Plaintiff National City Bank responds that such an amendment should not be allowed unless Defendant pays it for the costs and fees incurred by it in defending against the contention that Defendant's signatures on the loan documents at issue were forged. (Docket no. 80 at 5). Rule 15 provides that leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The Court finds that justice requires that Defendant Wright be allowed to amend his Answer.

The Court will not order the payment of fees and costs as requested by Plaintiff National City Bank. On the present record the Court cannot conclude that Defendant's argument, that he needed to see the original loan documents with his signature on them before he realized that he had indeed signed them, is implausible. This recognition according to Defendant is the catalyst for the proposed amendment. The record shows that as early as October 2, 2008 Defendant Wright asked to see the original loan documents. (Docket no. 75 ex. F-7). The earliest time supported by the record that these originals were provided to Defendant was at his deposition on May 6, 2009. Plaintiff National

5

City Bank's failure to provide the original loan documents, as opposed to copies, for Defendant to review likely contributed to the need now for Defendant to amend his Answer. Under these circumstances, charging fees and costs to Defendant Wright is not justified.

Accordingly, **Defendant Glen Wright may file an Amended Answer on or before August 17, 2009.**

        **C.**     **Substitution of Expert Witness**

Defendant Glen Wright moves for the Court to allow him to substitute his handwriting analysis expert for a loan expert because he now concedes that the signatures on the loan documents appear to be his signatures. (Docket no. 75 at 3). Plaintiff National City Bank argues that this request should be denied because it comes too late and because the transactions at issue involve a simple promissory note and not a mortgage. (Docket no. 80 at 5).

The Court is not convinced by Plaintiff's argument of undue delay when, as discussed above, the record shows that Plaintiff National City Bank may have contributed to Defendant Wright's recent recognition that the signatures on the loan documents are genuine. Defendant Wright's counsel attaches many letters and other documents showing Defendant's unsuccessful attempts to obtain discovery responses and to schedule depositions in order to move this case along. (Docket no. 75 exs. F-1 through F-12). Plaintiff National City Bank has not made a similar showing. (Docket no. 80).

Assuming that this action does not involve a mortgage, Plaintiff National City Bank fails to explain why this works against granting leave to substitute experts. Moreover, the document notarized by Mr. Clark is labeled as a "future advance mortgage." (Docket no. 1 at 19). Plaintiff

6

fails to explain why this action does not therefore involve a mortgage in addition to a promissory note.

Defendant Glen Wright will therefore be allowed to substitute a loan expert for his handwriting analysis expert. **Defendant Wright shall provide the required information under the Federal Rules for his new expert on or before August 31, 2009.** The Court will adjust the deadlines to minimize any prejudice to Plaintiff National City Bank as a result of this amendment.

### D. Motion to Compel Discovery

Defendant Glen Wright moves the Court to order Plaintiff National City Bank to respond to the written discovery he has served, as set out above. He also moves to compel Plaintiff to produce its employees identified above for deposition. Plaintiff argues that Defendant has used up his allotted interrogatories under Fed. R. Civ. P. 33(a)(1) and should not be allowed to serve additional discovery. (Docket no. 80 at 10).

The record for this motion fails to show that Defendant Wright has in fact served his allotted number of interrogatories. However, because Defendant Wright seeks leave to exceed his allotted number of discovery requests, this is apparently the case. Leave to exceed the allotted number of interrogatories may be granted "to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 33(a)(1). Rule 26(b)(2) sets forth such considerations as the undue burden or cost of the proposed discovery, that the proposed discovery is unreasonably cumulative or duplicative, and that the party has had sufficient opportunity to obtain the information. Defendant Wright's proposed additional discovery is limited in number and nature. With respect to the March 20, 2009 discovery (docket no. 75 ex. A), the objections of the boilerplate variety are not valid objections. *Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *see Carfagno v. Jackson Nat'l*

*Life Ins. Co.,* 2001 WL 34059032 at *4 (W.D. Mich. Feb. 13, 2001) ("The court strongly condemns the practice of asserting boilerplate objections to every discovery request."). Plaintiff has not shown that producing the requested discovery would be unduly burdensome or costly, or cumulative in nature. After considering the factors of Rule 26(b)(2), the Court finds that Defendant's motion to compel with respect to the March 20, 2009 discovery should be granted. **Plaintiff National City Bank must therefore supplement its responses to the discovery served by Defendant on March 20, 2009, on or before August 31, 2009.**

The April 9, 2009 discovery at issue (docket no. 75 ex. B) involves a request for Plaintiff to produce copies of Plaintiff's policies for the year 2005 regarding the processing and disbursement of mortgage loans. As noted above, the parties apparently have a disagreement over whether the transaction at issue involves a mortgage loan. However, Plaintiff offers in response to produce guidelines "related to the transaction that is the subject of this litigation" if relevancy is established. (*Id.*). The Court finds that such guidelines are relevant to the claims and defenses of this action. Plaintiff will therefore be ordered to produce such guidelines to Defendant.

The interrogatory contained in the April 9, 2009 discovery request asks Plaintiff to identify the name of the individual(s) who wrote certain information on a document produced in discovery. It also asks for follow-up information about that person or those persons. The only objection made by Plaintiff is that Defendant has used up his allotted number of interrogatories. After considering the Rule 26(b) factors, the Court finds that this additional interrogatory should be allowed. **Plaintiff must therefore supplement its response to this interrogatory in Defendant's April 9, 2009 discovery request (as well as produce the guidelines referred to above) on or before August 31, 2009.**

Defendant shows that he noticed the depositions of several employees of Plaintiff National City Bank. Plaintiff fails to explain why these depositions have not already taken place. Plaintiff states that Defendant Wright will "still have the opportunity to conduct the depositions he seeks." (Docket no. 80 at 5). Plaintiff apparently therefore has no opposition to these depositions. The motion to compel these depositions will therefore be granted. **The depositions noticed in docket no. 75 ex. F-10 must be completed on or before the modified close of discovery set out below.**

           **E.**        **Deadlines**

The above orders necessitate the modification of the deadlines in this action. The trial date of August 31, 2009 will be cancelled. This Court will not set a new trial date. **The present discovery cut-off date of May 30, 2009 is extended up to and including September 30, 2009. The current dispositive motions due date of June 29, 2009 is extended up to and including October 30, 2009.**

     **IT IS THEREFORE ORDERED** that the trial date of August 31, 2009 for this action is **CANCELLED**. The Court will advise the parties of the new trial date. The discovery cut-off date is extended until September 30, 2009, and the dispositive motions due date is extended until October 30, 2009.

     **IT IS FURTHER ORDERED** that the Motion for Withdrawal of Attorney (docket no. 78) is **GRANTED** as set out above.

     **IT IS FURTHER ORDERED** that Defendant Glen Wright's Motion to Substitute Expert, Amend Answer, and to Compel Discovery (docket no. 75) is **GRANTED** as set out above.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: August 11, 2009                    s/ Mona K. Majzoub
                                          MONA K. MAJZOUB
                                          UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

August 11, 2009                           s/ Lisa C. Bartlett
                                          Courtroom Deputy